**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,       )
                          )
        Plaintiff,        )  **CRIMINAL CASE NO. CF0744-24**
                          )
    vs.                   )
                          )  **DECISION AND ORDER:**
                          )  **ON DEFENDANT'S EX PARTE MOTION**
MARY CASTRO FLORES,       )  **FOR MODIFICATION OF RELEASE**
 DOB:08/12/1966           )  **CONDITIONS**
                          )
        Defendant.        )
                          )

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on November 15, 2024 on a hearing to address Defendant's *Ex Parte* Motion for Modification of Release Conditions. Attorney Rachel Taimanao-Ayuyu represented Defendant. Assistant Attorney General Monty May represented the People of Guam. The Court ruled from the bench granting in-part and denying in-part the motion. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following written Decision and Order documenting the ruling.

## BACKGROUND

Defendant filed the motion on November 8, 2024. The People of Guam then filed an Opposition on November 12, 2024[1].

## DISCUSSION

### I.    Courts Considerations

The Court considered four separate requests brought before it by the Defendant. Defendant requested that the Court allow Defendant to return to the family home, remove the curfew requirement, allow the consumption of alcohol and reduce reporting requirements to monthly.

The Court looks to statutory guidance provided under 8 GCA §§ 40.15 and 40.20 when deciding the issue of release conditions. In consideration of the request the Court learned that

---

[1] The Court notes that the People's Opposition appeared to assume that Defendant had yet to be released when really, the Defendant's motion was designed to modify her already existing release conditions.

Defendant has followed the Courts orders for at least two weeks according to probation and has no other criminal history aside from this case after residing on Guam her entire life. Defendant is also employed. On the other hand, the alleged facts sparking the criminal charges were potentially violent and dangerous. Defendant also indicated there will be a domestic case that may end up addressing some of the familial issues underlying the case.

As a result, the Court will not order the victim to vacate the family home. If the victim no longer resides at the family home, the Defendant is permitted to return to the home. The no-contact provision will remain in place and any future issues involving the family home are better suited to be addressed by the Court addressing the domestic case. Additionally, and due to the alleged violent actions of the Defendant, the alcohol prohibition will remain to promote sober and reasonable actions regardless of the involvement of substances in the declaration attached to the complaint. The Court will remove the curfew requirement based on Defendant's long term and gainful employment as well as a previously crime free life. Finally, the Court will continue to require weekly reporting but will allow the Defendant to call-in three weeks of the month to accommodate her employment. Probation will have discretion to modify the check-in requirement to increase or decrease reporting and to request the reporting to be in person.

All other provisions of the November 2, 2024 Order of Conditional Release remain in full effect.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion in part and GRANTS Defendant's Motion in part.

So ORDERED this 18th day of November, 2024.

_____
HONORABLE SEAN B. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Taimanao
AG r R:Agugu

Date: 11/18/24 Time: 5:18pm

Antonio pCu
Deputy Clerk, Superior Court of Guam